**IT IS ORDERED as set forth below:**

Date: August 1, 2017

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-58440-WLH |
| | : | CHAPTER 11 |
| BAY CIRCLE PROPERTIES, LLC, et al., | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| SEG GATEWAY, LLC and | : | |
| GOOD GATEWAY, LLC, | : | |
| | : | |
| Plaintiffs, | : | ADVERSARY PROCEEDING |
| | : | NO. 16-05334-WLH |
| v. | : | |
| | : | |
| BAY CIRCLE PROPERTIES, LLC, | : | |
| CHITTRANJAN K. THAKKAR, and | : | |
| JON E. TAYLOR, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANT JON E. TAYLOR'S MOTION TO DISMISS**

This matter comes before the Court on Defendant Jon E. Taylor's ("Taylor") Motion to Dismiss and Amended Brief in Support of Motion to Dismiss (together, "Motion") (Docket Nos.

1

7 & 9).[1]  Plaintiffs SEG Gateway, LLC and Good Gateway, LLC ("Plaintiffs") filed this adversary proceeding November 30, 2016 alleging the transfer of certain real property located at 6600 and 6610 Bay Circle, Norcross, Gwinnett County, Georgia ("Property") from Defendant Chittranjan K. Thakkar ("Thakkar") to Defendant Bay Circle Properties, LLC ("Bay Circle") was fraudulent under state law.  The complaint also alleged Taylor aided and abetted the fraudulent transfer of the Property (Count II) and that Taylor and Thakkar engaged in conspiracy to commit a fraudulent transfer (Count III).  In the Motion, Taylor argued Plaintiffs failed to state a claim for conspiracy because Taylor's actions were part of his representation of Thakkar and not for any personal benefit.  He further argued that Plaintiffs failed to state a claim for aiding and abetting a fraudulent transfer because Taylor was neither the debtor nor the transferee, and therefore any such claim against Taylor is not cognizable in Georgia.  Plaintiffs filed a response to the Motion, arguing Georgia law supports a cause of action for aiding and abetting fraud under O.C.G.A. § 51-12-30 and that ruling against Plaintiffs on the conspiracy claim would be premature without further hearing.  After the Motion was filed, Bay Circle filed a motion seeking partial summary judgment, arguing that the Property was encumbered to such an extent that no fraudulent transfer could have occurred under the Georgia statute.  The Court entered an order on August 1, 2017 granting summary judgment in favor of Bay Circle, finding that no fraudulent transfer occurred.

A claim for conspiracy is derivative in nature—in the absence of underlying liability, a conspiracy claim cannot exist.  See Mustaqeem-Graydon v. SunTrust Bank, 258 Ga. App. 200, 207(6) (2002) (without an underlying tort, no liability exists for civil conspiracy).  Because the Court determined in the August 1, 207 order that there is no liability for the alleged fraudulent transfer, Plaintiffs cannot state a claim for conspiracy.  Likewise, aiding and abetting is a theory of secondary liability.  See Kipperman v. Onex Corp., 2006 WL 8421931, at *27 n.19 (N.D. Ga.

---

[1] In the Motion, Taylor notes that his name is incorrectly listed in the complaint as "Jon E. Taylor", when it should be "John E. Taylor".  Plaintiffs acknowledged this scrivner's error in their response, and stated that appropriate action would be taken to correct the error.  As of the date of entry of this order, however, Taylor is still listed as "Jon E. Taylor" on the docket of this adversary proceeding, and the Court will continue to use Taylor's name as it is listed on the docket.

2

Sept. 15, 2006) ("The aiding and abetting claim lives on only so far as the underlying…claims are still extant."). The Court need not address the viability of a claim for aiding and abetting a fraudulent transfer or aiding and abetting common law fraud under O.C.G.A. § 51-12-30; for either claim, Plaintiffs would have to establish the existence of some underlying liability. Because the Court has determined that no such underlying liability exists, the aiding and abetting claim cannot stand against Taylor.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Taylor's Motion is **GRANTED**. Counts II and III of the Complaint are dismissed against Taylor.

The clerk is directed to serve a copy of this order on Plaintiffs' counsel and counsel for all Defendants.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Walter E. Jones
Balch & Bingham, LLP
Suite 700
30 Ivan Allen Jr. Blvd, NW
Atlanta, GA 30308

John A. Christy
J. Carole Thompson Hord
Jonathan A. Akins
1100 Peachtree St., NE Suite 800
Atlanta, Georgia 30309-4516

Richard L. Robbins
Suite 1120
999 Peachtree Street, NE
Atlanta, GA 30309-3996

Christine L. Mast
303 Peachtree St. NE
Suite 4000
Atlanta, GA 30308-3243